Case 2:18-cv-00273   Document 15   Filed on 03/07/19 in TXSD   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
March 07, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ARNOLDO DAVID LOPEZ, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-273 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner, Arnoldo David Lopez (TDCJ No. 1640935), is a state prisoner incarcerated at the Polunsky Unit in Livingston, TX. (D.E. 1). Proceeding *pro se*, he filed this habeas corpus petition pursuant to 28 U.S.C. § 2254, challenging his 2010 Brooks County conviction for murder. (D.E. 1). Pending is Respondent's Motion for Summary Judgment. (D.E. 14). Petitioner failed to file a timely response and, in accordance with Local Rule 7.4, failure to file a response is taken as a representation of no opposition. However, the undersigned has considered the Motion for Summary Judgment on the merits. For the reasons stated herein, it is respectfully recommended that Respondent's Motion for Summary Judgment be **GRANTED** and this action be **DISMISSED** as time barred. It is further recommended that a Certificate of Appealability be **DENIED**.

**I.    JURISDICTION**

The Court has jurisdiction over habeas cases pursuant to 28 U.S.C. § 1331. A habeas action may be filed either in the district where petitioner is in custody or in the

district in which petitioner was convicted. 28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959 (5th Cir. 2000). Petitioner was convicted by a court located in Brooks County, Texas. Therefore, this matter was properly before this Court at the time of filing. 28 U.S.C. § 124(b)(6).

**II.    BACKGROUND**

On May 13, 2010, Petitioner, after a jury trial, was convicted of murder and sentenced to 50 years' imprisonment. (D.E. 13-36, Pages 21-22). The Fourth Court of Appeals affirmed Petitioner's conviction on August 6, 2014. *Lopez v. State*, 4-13-00306-CR, 2014 WL 3843945, at *4 (Tex. App.—San Antonio Aug. 6, 2014, pet. ref'd); (D.E. 13-3 and D.E. 13-4). The Texas Court of Criminal Appeals ("CCA") subsequently refused his petition for discretionary review on October 1, 2014. *Lopez v. State*, No. PD-1140-14 (Tex. Crim. App. 2014); (D.E. 13-8).

Petitioner did not file a petition for writ of certiorari and therefore, his conviction became final on December 30, 2014, when the time for filing a petition for writ of certiorari expired 90 days after his PDR was refused on October 1, 2014. *See* 28 U.S.C. § 2244(d)(1)(A); *England v. Quarterman*, 242 F. App'x 155, 158 (5th Cir. 2007); *Bradshaw v. Davis*, 736 F. App'x 457, 459 (5th Cir. 2018).

Over two years later, on July 21, 2017, Petitioner signed his state habeas application, which was received on August 8, 2017. (D.E. 13-36, Pages 23 and 39). On November 30, 2017, Petitioner filed a Motion for Leave to File Writ of Mandamus asserting his state habeas application had not been forwarded to the CCA. (D.E. 13-33 and D.E. 13-34). The CCA denied his state habeas application without written order on

December 13, 2017. (D.E. 13-35). His request for a writ of mandamus was denied the same day. (D.E. 13-28). Just over eight months later, on August 27, 2018, Petitioner filed the pending federal habeas petition. (D.E. 1, Page 18). On November 12, 2018, Respondent filed the pending Motion for Summary Judgment. (D.E. 13). To date, Petitioner has not filed a response, which was due on or before January 7, 2019.

## III.   RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

Respondent asserts this action should be summarily dismissed as time barred. The undersigned agrees. Petitioner's habeas petition is not timely filed pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA") which establishes a one year statute of limitations period runs from the latest of four alternative dates:

(A)   the date on which the judgment become final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). This period is tolled during the time a petitioner properly files for state post-conviction writ review. 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of

limitation under this subsection.") Petitioner filed his current petition after the effective date of AEDPA and so is subject to its provisions. *Lindh v. Murphy*, 521 U.S. 320 (1997).

Petitioner did not file a petition for writ of certiorari and therefore, his conviction became final on December 30, 2014, when the time for filing a petition for writ of certiorari expired. *See* 28 U.S.C. § 2244(d)(1)(A); *England*, 242 F. App'x at 158. *Bradshaw*, 736 F. App'x at 459-61.

As such, Petitioner had one year, until December 30, 2015, to timely file a federal application for habeas corpus relief. Petitioner's state habeas application was filed on July 21, 2017, well after the limitations period ended. *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013) (State habeas petition filed outside of one year period "did not statutorily toll the limitation clock.") Accordingly, Petitioner failed to file the pending federal habeas petition until August 27, 2018, over two years too late. 28 U.S.C. §2244(d).

However, the one-year period of limitations in § 2244(d)(1) of AEDPA is not a jurisdictional bar and can be equitably tolled in rare and exceptional circumstances. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). A petitioner is entitled to equitable tolling if he shows that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citations omitted); *see also Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013) (citing *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012) (citations omitted)). "[N]either excusable neglect nor ignorance of the law is sufficient to

justify equitable tolling." *Id*.; *See also Sutton v. Cain*, 722 F.3d 312, 317 (5th Cir. 2013) (citing *Fierro v. Cockrell*, 294 F.3d 674, 683 (5th Cir. 2002) (It is "clear that a lack of knowledge of the law, however understandable it may be, does not ordinarily justify equitable tolling.") (citation omitted). Nor does unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy or any other reason) or lack of representation during the applicable filing period merit equitable tolling. *Turner v. Johnson*, 177 F.3d 390, 393 (5th Cir. 1999) (citation omitted).

Petitioner fails to allege sufficient "extraordinary circumstances" that prevented him from timely filing his claim. Petitioner also did not diligently pursue his rights, delaying over two years past the deadline to pursue his federal habeas remedy. Additionally, Petitioner's claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. Lastly, Petitioner's claim is based upon evidence that was available to him during the limitations period. Without a basis for equitable or statutory tolling, Petitioner's writ should be dismissed as time barred.

As a basis for relief, Petitioner alleges in his complaint that he "was not the cause of death to the alleged victim." (D.E. 1, Page 7). To the extent Petitioner asserts his actual innocence presents extraordinary circumstances which warrant an equitable exception to the limitations period, it is respectfully recommended Petitioner fails to meet the actual innocence standard. "A claim of actual innocence, standing alone, is not a 'rare and exceptional circumstance' that warrants equitable tolling of the statute of limitations 'given that many prisoners maintain they are innocent.'" *Jones v. Quarterman*, CIVA H-

08-3212, 2009 WL 5216873, at *3–4 (S.D. Tex. Dec. 29, 2009) (citing *Felder v. Johnson,* 204 F.3d 168, 171 (5th Cir. 2000) (other citations omitted).  However, the Supreme Court has held that a plea of actual innocence may serve as a gateway exception through which a petitioner may avoid procedural bars or the expiration of the statute of limitations.  *McQuiggins v. Perkins*, 133 S.Ct. 1924, 1928 (2013) (citation omitted).  The Supreme Court made it clear, however, that "tenable actual-innocence gateway pleas are rare" and "a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*. (citation omitted).  Petitioner fails to cite to any evidence in his petition showing he satisfies the demanding actual innocence standard and does not provide any sufficient newly discovered evidence in support of his claim other than his own conclusory allegations.  Therefore, it is respectfully recommended that Petitioner fails to meet the actual innocence standard.

## IV.   CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Court of Appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A).  Although Petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability ("COA").  A district court ruling on a petitioner's relief may *sua sponte* rule on a COA because it "is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court.  Further briefing and argument on the very issues the court

has just rule on would be repetitious." *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000)(per curiam).

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). As to claims the Court rejects solely on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As to claims the Court rejects solely on procedural grounds, the Petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. (emphasis added).

In Petitioner's case, it is recommended that his claims be dismissed on procedural grounds. Reasonable jurists would not find that Petitioner has stated a valid claim of denial of a constitutional right, or that the assessment of limitations in this case is debatable. If the District Judge orders that Petitioner's habeas petition be denied and Petitioner seeks a COA in order to proceed with his case, it is further recommended that the COA be denied because he has not made the necessary showing for issuance.

V. **RECOMMENDATION**

Based on the foregoing, it is respectfully recommended that Respondent's Motion for Summary Judgment (D.E. 14) be **GRANTED** and Petitioner's application for habeas

corpus relief be **DISMISSED as time barred**. It is further recommended that a certificate of appealability be **DENIED**.

ORDERED this 7th day of March, 2019.

_____
Jason B. Libby
United States Magistrate Judge

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).