Case 2:18-cv-00273  Document 22  Filed on 02/03/23 in TXSD  Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
February 03, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ARNOLDO DAVID LOPEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-00273 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Arnoldo David Lopez is an inmate in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ") and is currently incarcerated at the Polunsky Unit in Livingston, Texas. Proceeding *pro se*, he filed this habeas corpus petition pursuant to 28 U.S.C. § 2254 on August 31, 2018. (D.E. 1). The subject of the petition is Petitioner's 2010 conviction for murder.[1]

On March 7, 2019, the undersigned entered an M & R recommending the Court grant Respondent's Motion for Summary Judgment, dismissing Petitioner's case as time barred. (D.E. 15). In this case, Petitioner waited over two years after his conviction became final to file his state habeas petition and then again waited over eight months to file this federal habeas petition after his state habeas petition was denied. (D.E. 15, Pages

---

[1] The undersigned's March 7, 2019 Memorandum and Recommendation ("M & R") contains a case background and will not be repeated here at length. (D.E. 15).

2-3). Petitioner did not file a response to the Motion for Summary Judgment and did not file any objections to the M & R. In his Petition, Petitioner asserted he was actually innocent, which would warrant an equitable exception to the limitations period, because he was not the cause of the victim's death because the victim's spouse signed a DNR "which stopped doctors from keeping [the victim] alive." (D.E. 1). However, the undersigned recommended Petitioner failed to meet the actual innocence standard. The M & R was adopted and final judgment was entered on September 27, 2019. (D.E. 19 and D.E. 20). Petitioner did not appeal this decision.

Over three years later, on December 21, 2022, Petitioner filed the pending Motion for Reconsideration seeking relief pursuant to Federal Rule of Civil Procedure 60(b)(6). (D.E. 21). For the reasons stated below, the undersigned **RECOMMENDS** the Court **DENY** Petitioner's Motion. (D.E. 21).

Under Rule 60(b)(6), the Court may relieve a party from a final judgment for any reason that justifies relief. "A motion under Rule 60(b) must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). Here, Petitioner's arguments were all available to him at the time his original federal petition was filed, if not before, and he offers no explanation for the delay. Therefore, the undersigned recommends Petitioner's motion, filed over three years after final judgment was entered, was not filed within a reasonable time and should, therefore, be dismissed as untimely.

Further, even reviewing all Petitioner's arguments in light of Federal Rule of Civil Procedure 60(b)(6), the undersigned recommends to the Court that Petitioner is not entitled

to relief. Petitioner entirely fails to provide a sufficient reason for the untimeliness of his § 2254 petition, raising many of the same arguments as he did in his petition. Petitioner has not shown exceptional circumstances justifying relief from judgment. In short, it appears he is impermissibly attempting to use Rule 60(b) to remedy his own failure to file a timely § 2254 petition based on legal arguments of which he has long been aware and which have previously been considered and denied by this Court, including his claims of actual innocence.

As stated in the undersigned's M & R, a petitioner is entitled to equitable tolling if he shows that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citations omitted). While Petitioner now alleges there was a defect in this habeas proceeding because he is a Spanish speaker with limited ability to understand English and the prison law library offers limited legal materials in Spanish, Petitioner's filings reflect his clear ability to pursue his rights and access the courts and therefore, any professed language barrier would not be sufficient to warrant equitable tolling in this case. *Alvarado v. Stephens*, No. H-14-2587, 2015 WL 3775416, at *4 (S.D. Tex. June 16, 2015) ("The inability to understand English is not an exceptional circumstance sufficient for equitable tolling.") Further, "neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling." *Holland*, 560 U.S. at 649; *See also Sutton v. Cain*, 722 F.3d 312, 317 (5th Cir. 2013) (citing *Fierro v. Cockrell*, 294 F.3d 674, 683 (5th Cir. 2002) (It is "clear that a lack of knowledge of the law, however understandable it may be,

does not ordinarily justify equitable tolling.") (citation omitted). Nor does unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy or any other reason) or lack of representation during the applicable filing period merit equitable tolling. *Turner v. Johnson*, 177 F.3d 390, 393 (5th Cir. 1999) (citation omitted); *Samayoa v. Davis*, No. H-19-5000, 2020 WL 3618513, at * 3 (S.D. Tex. July 2, 2020) ("[E]ven assuming that his language barrier was an impediment, [Petitioner] does not alleged what efforts he made to obtain his assistance from a Spanish-speaking translator, either inside or outside the prison, before the AEDPA limitations period expired) (citations omitted).

Additionally, to the extent Petitioner now asserts his counsel is responsible for any delay, "[P]etitioners seeking to establish due diligence must exercise diligence even when they receive inadequate legal representation." *Manning v. Epps*, 688 F.3d 177, 185 (5th Cir. 2012) ("Our cases hold that 'ineffective assistance of counsel is irrelevant to the tolling decision because a prisoner has no right to counsel during post-conviction proceedings.") (citations omitted). "The 'act of retaining an attorney does not absolve the petitioner of his responsibility for overseeing the attorney's conduct or the preparation of the petition." *Id*. ("Because pro se petitioners are expected to comply with AEDPA's statute of limitations, it would be unfair to expect less from petitioners who are represented by counsel.") (citation omitted). Accordingly, the undersigned recommends Petitioner's Motion be denied. (D.E. 21).

Additionally, an appeal may not be taken to the Court of Appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of

appealability." 28 U.S.C. § 2253(c)(1)(A).  A district court ruling on a petitioner's relief may *sua sponte* rule on a COA because it "is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court.  Further briefing and argument on the very issues the court has just ruled on would be repetitious."  *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  As to claims the Court rejects solely on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  As to claims the Court rejects solely on procedural grounds, the Petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id*. (emphasis added).

In Petitioner's case, it was dismissed on procedural grounds and the undersigned recommends Petitioner's Rule 60 motion also be denied on the same grounds.  Reasonable jurists would not find that Petitioner has stated a valid claim of denial of a constitutional right, or that the assessment of limitations in this case is debatable.  Therefore, it is

recommended that the Court deny a COA because Petitioner has not made the necessary showing for issuance.

For the reasons stated above, the undersigned **RECOMMENDS** the Court **DENY** Petitioner's Motion for Relief from Judgment. (D.E. 21). The undersigned further **RECOMMENDS** a COA be **DENIED**.

ORDERED on February 3, 2023.

Jason B. Libby
United States Magistrate Judge

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).