UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ARNOLDO DAVID LOPEZ, | § | |
| | § | |
| Petitioner, | § | |
| V. | § | CIVIL ACTION NO. 2:18-CV-00273 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Before the Court is Magistrate Judge Jason Libby's Memorandum and Recommendation ("M&R"). (D.E. 22). The M&R recommends that the Court:

(1) Deny Petitioner's motion for relief from judgment, (D.E. 21); and

(2) Deny a certificate of appealability.

(D.E. 22, p. 6). Petitioner timely filed written objections to the M&R. (D.E. 25).[1]

When a party objects to the findings and recommendations of a magistrate judge, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). As to any portion for which no objection is filed, a district court reviews those portions of the M&R only for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

Petitioner, proceeding pro se, filed a motion to re-open his case[2] pursuant to Federal Rule

---

[1] The M&R initially ordered objections due within fourteen days service of the M&R. (D.E. 22, p. 7). Petitioner was served on February 8, 2023, (D.E. 26), which placed the initial objection deadline on February 22, 2022, *see* (D.E. 22, p. 7). However, pursuant to Petitioner's motion, (D.E. 23), the Court extended the objection deadline to March 21, 2023. (D.E. 24). Petitioner filed his objections on March 17, 2023. (D.E. 25, p. 1).

[2] An exposition of Petitioner's full case background may be found in Magistrate Judge Jason Libby's March 7, 2019 Memorandum and Recommendation, (D.E. 15), and will not be reiterated here.

of Civil Procedure 60(b)(6). (D.E. 21). The M&R states that Petitioner's motion "was not filed within a reasonable time" under Federal Rule of Civil Procedure 60(c)(1) and "fails to provide a sufficient reason for th[is] untimeliness[.]" (D.E. 22, p. 2–3). The M&R further states that none of Petitioner's asserted language barrier, ignorance of the law, or liberally construed ineffective assistance of counsel arguments, *see* (D.E. 21, p. 1–3), constitute an "extraordinary circumstance" that would justify equitable tolling. (D.E. 22, p. 3–4) (relying on *Holland v. Florida*, 560 U.S. 631, 649 (2010)). Finally, the M&R recommends the Court deny a certificate of appealability ("COA") because Petitioner has not shown that reasonable jurists could debate his claim. *Id.* at 4–6.

Petitioner's objections to the M&R are threefold. First, Petitioner objects on the grounds that the prison does not provide adequate legal resources to non-proficient English speakers. *See* (D.E. 25, p. 1–2). Second, Petitioner claims that failing to provide non-English legal resources violates the Fourteenth Amendment's Equal Protection Clause. *See id.* at 2. And third, Petitioner raises an "actual[] innocence" objection. *See id.* at 2–3. As to Petitioner's second and third objections, the Court **OVERRULES** both.[3]

Turning now to Petitioner's first objection, Petitioner asserts the Supreme Court in *Holland*, 560 U.S. at 649–50, provided district courts with "[f]lexibility . . . to meet new situations that demand equitable intervention[.]" (D.E. 25, p. 3). Relying heavily on *Sanchez v. Stephens*, No. 2:15-CV-393, 2015 U.S. Dist. LEXIS 160765 (S.D. Tex. Oct. 28, 2015) (Libby, Mag. J.), *adopted*, No. 2:15-CV-393, 2015 U.S. Dist. LEXIS 159968 (S.D. Tex. Nov. 30, 2015) (Ramos, J.), *aff'd*, 689 Fed. App'x 797 (5th Cir. 2017) (per curiam), and *Lewis v. Casey*, 518 U.S. 343, 356 (1996), Petitioner claims that because the prison "does not provide any law books in any language

---

[3] The Court overrules Petitioner's second objection because it is not directed at any portion of the M&R. *See id.* at 2; § 636(b)(1)(C). The Court overrules Petitioner's third objection because it is not directed at any portion of the M&R and substantially resembles Petitioner's § 2254 motion, (D.E. 1), which the Court already dismissed, (D.E. 19). *See* (D.E. 25, p. 2–3).

but in the English language[,]" (D.E. 25, p. 1), the state has "failed to furnish 'adequate law libraries or adequate assistance from persons trained in the law[,]  *id.* at 2 (quoting *Lewis*, 518 U.S. at 356), to those "not well-versed in the English language," *id.* at 1.

This is an incorrect reading of the law. *Sanchez* addressed *Lewis* and clarified that a petitioner "must show that because of the alleged lack of bilingual assistance or materials, he lost an actionable claim or was prevented from presenting such a claim." *Sanchez*, 2015 U.S. Dist. LEXIS 160765, at *13. *Sanchez* further noted that *Lewis* "indirectly rejected a *per se* requirement of Spanish legal authorities[.]" *Id.* Here, Petitioner fails to show how not having "any law books in any language but in the English language[,]" (D.E. 25, p. 1), prevented Petitioner from presenting a Rule 60(b)(6) motion within the "reasonable time" required by Rule 60(c)(1). Petitioner's motion is itself evidence that he could make a Rule 60(b)(6) motion—despite the lack of Spanish legal resources—but Petitioner does not show how the language barrier caused him to fail to file the motion within a reasonable time. Furthermore, even if Petitioner had established such a link, "[t]he inability to understand English is not an exceptional circumstance sufficient to warrant equitable tolling." *Alvarado v. Stephens*, No. H-14-2587, 2015 WL 3775416, at *4 (S.D. Tex. June 16, 2015) (Lake, J.) (citation omitted). As such, the Court **OVERRULES** Petitioner's first objection.

Having reviewed the proposed findings and conclusions of the M&R, the record, and the applicable law, and having made a de novo review of the portions of the M&R to which Plaintiff objects, 28 U.S.C. § 636(b)(1)(C), the Court **OVERRULES** Plaintiff's objections in their entirety, (D.E. 25), and **ADOPTS** the findings and conclusions of the M&R, (D.E. 22). Accordingly:

(1) Petitioner's motion for relief from judgment is **DENIED**. (D.E. 21).

(2) Petitioner is **DENIED** a certificate of appealability.

SO ORDERED.

_____
DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Dated: Corpus Christi, Texas
July ___, 2023